**UNITED STATES of America, Plaintiff,**

**v.**

**M. GENZALE PLATING, INC., Michael J. Genzale, and Pasquale Genzale, Defendants.**

**No. CV 89–2992.**

United States District Court, E.D. New York.

Nov. 24, 1992.

Andrew J. Maloney, U.S. Atty.; E.D.N.Y., Brooklyn, NY, Lisa M. Burianek, Sp. Asst. U.S. Atty., Arthur P. Hui, Asst. U.S. Atty., James F. Doyle, Asst. Regional Counsel, Office of Regional Counsel, U.S. E.P.A.—Region II, New York City, for plaintiff.

Pasquale Genzale, pro se.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

## BACKGROUND

On August 3, 1989, the Environmental Protection Agency ("EPA") issued an Administrative Order (Index No. II CERCLA–90222, effective August 25, 1989) pursuant to its power under section 104 of CERCLA, 42 U.S.C. § 9604(e)(5)(A), directing that Genzale Plating, Inc. ("Genzale") comply with the EPA's request for access.

On October 13, 1989, this Court found that the EPA's request for access to the Genzale facility was based on a reasonable belief that a release of pollutants had occurred or threatened to occur and we granted the government's motion for a preliminary injunction and access. *U.S. v. Genzale Plating, Inc.*, 723 F.Supp. 877 (E.D.N.Y.1989).

On October 24, 1991, this Court granted the government's motion for partial summary judgment. The court found that the defendants had unreasonably failed to comply with the EPA's Administrative Order from August 25, 1989 until September 13, 1989, in violation of section 104(e)(5)(B) of CERCLA, 42 U.S.C. § 9604(e)(5)(B). The government now seeks civil penalties for the twenty days of noncompliance with the EPA Order as authorized by CERCLA, 42 U.S.C. § 9604(e)(5)(B)(ii). A hearing was held before the Court on October 15, 1992, to determine the amount of the civil penalty.

## DISCUSSION

Where a defendant has unreasonably failed to comply with an EPA order issued pursuant to section 104(e)(5)(A) of CERCLA, 42 U.S.C. § 9604(e)(5)(A), the court may assess a civil penalty not to exceed $25,000 for each day of non-compliance. 42 U.S.C. § 9604(e)(5)(B). The defendants, in this case, unreasonably failed to comply with an EPA order for 20 days and, therefore, are liable for civil penalties for each of the 20 days. The issue now before the court is the appropriate amount of civil penalties.

■ The determination of the appropriate civil penalty is a matter within the discretion of the trial court. *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 229 n. 6, 95 S.Ct. 926, 931 n. 6, 43 L.Ed.2d 148 (1975); *United States v. Reader's Digest Ass'n, Inc.*, 662 F.2d 955, 967–968 (3d Cir.1981). In exercising our discretion, we look first to the statute in question

for guidance. In the instant case, however, 42 U.S.C. § 9604(e)(5) does not specify any factors to be considered by a court in determining a civil penalty. We therefore look for guidance by analogy to another section of CERCLA, 42 U.S.C. § 9609(a)(3), which empowers the United States to impose civil penalties administratively. Section 9609 reads in the relevant portion as follows:

> In determining the amount of any civil penalty assessed pursuant to this subsection, the President shall take into account the nature, circumstances, extent and gravity of the violation or violations and, with respect to the violator, ability to pay, any prior history or such violations, the degree of culpability, economic benefit or savings (if any) resulting from the violation, and such other matters as justice may require.

42 U.S.C. § 9609(a)(3).

These factors are similar to those considered by courts in assessing civil penalties in enforcement actions in other contexts. In *Reader's Digest Ass'n*, the Third Circuit affirmed the District Court's consideration of the following five factors in assessing a civil penalty: (1) the good or bad faith of the defendant, (2) the injury to the public, (3) the defendant's ability to pay, (4) the desire to eliminate the benefits derived by a violation, and (5) the necessity of vindicating the authority of the enforcing party. 662 F.2d at 967–68.

Courts have applied these five factors in determining civil penalties under CERCLA for defendant's failure to respond to EPA information requests, *see, e.g., U.S. v. Barkman*, 784 F.Supp. 1181, 1189 (E.D.Pa. 1992); *United States v. Crown Roll Leaf, Inc.*, 29 E.R.C. 2025, 2032, 1989 WL 201617 (D.N.J.1989) and in other environmental enforcement cases. *See, e.g., United States v. Vineland Chemical Co.*, 31 E.R.C. 1720, 1990 WL 157509 (D.N.J.1990); *U.S. EPA v. Environmental Waste Control Inc.*, 710 F.Supp. 1172, 1242 (N.D.Ind.1989), *aff'd*, 917 F.2d 327 (7th Cir.1990); *United States v. T & S Brass & Bronze Works, Inc.*, 681 F.Supp. 314, 322 (D.S.C.1988).

■ "In exercising its discretion, a court should give effect to the major purpose of a civil penalty: deterrence." *Crown Roll Leaf*, 29 E.R.C. at 2031. (citations omitted). The penalty must create an incentive for this defendant and other potential violators to comply with future EPA orders requesting access to hazardous waste sites. Without access, EPA is unable to perform its primary function under CERCLA: the identification and clean up of hazardous waste sites and the recovery of the government's costs related thereto. Moreover, the EPA views the denial of access to a CERCLA site as being one of the most serious types of violations. (Tr. 42). Without access, the EPA cannot act in the first instance to identify serious health and environmental hazards and take steps to remedy them. (Tr. 30). In some cases, an unnecessary delay could create a serious threat to the public. (Tr. 43).

■ The Genzales deliberately violated the EPA Order by refusing to allow the EPA access to their facility. They did so despite having previously recognized EPA's authority to enter their property to conduct a Remedial Investigation and Feasibility Study at the September 13, 1989, hearing. The Genzales acted in bad faith. We previously found that the conditions on the Genzale property constituted a threat to the public, including the public water supply. *Genzale*, 723 F.Supp. at 887–88. The only benefit enjoyed by the defendants as a result of their failure to comply with the Order was a 20 day delay in the government's clean up effort. The government was forced to expend extra time and resources in this enforcement action and was delayed in fulfilling its statutory obligations under CERCLA. For the foregoing reasons, the defendants should pay a significant penalty tailored to their ability to pay.

At the hearing held on October 15, 1992, the Court heard testimony on the defendants' ability to pay a civil penalty. The Court heard credible testimony that the assets of the Genzale Corporation are between four and five hundred thousand dollars and that the company has approximately ninety-five thousand dollars in loans outstanding to the shareholders which it could avail itself of in some fashion. (Tr.

at 59). Moreover, Michael, Patrick and Robert Genzale each drew salaries of between forty and fifty thousand dollars per year each for the last several years. (Tr. 54–6). This clearly indicates the ability of the defendants to pay a significant civil penalty. Accordingly, we find that the defendants have significant financial resources at their disposal with which to pay a civil penalty. Therefore, in light of defendants' bad faith, the need for deterrence, and the defendants' demonstrated ability to pay, we award a penalty of $2,000 for each of the twenty days the defendants unreasonably violated the EPA Order, for a total penalty of $40,000, pursuant to the authority granted to the Court under 42 U.S.C. § 9604(e)(5)(B).

## ORDER

Upon the application of the plaintiff, the United States of America, for the assessment of civil penalties against the defendants for violation of the access provisions of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675, specifically for defendants' violation of the August 3, 1989 administrative access order ("Order") issued by the United States Environmental Protection Agency ("EPA") pursuant to 42 U.S.C. § 9604(e)(5)(A), through defendants' unreasonable failure to grant EPA access to the M. Genzale Plating, Inc., property located at 288 New Hyde Park Road, Franklin Square, New York (the "Genzale facility"), and their unreasonable failure to comply with the Order for a period of twenty days, beginning on August 25, 1989, the effective date of the Order, and continuing to September 13, 1989, the date of the preliminary injunction hearing, as previously determined by the Court in its October 14, 1991 Memorandum and Order, and upon the evidence adduced and testimony presented at the October 15, 1992 trial before this Court, the plaintiff's supporting Post–Trial Memorandum of Law, as well as all the evidence and proceedings heretofore had in, it is hereby

ORDERED that defendants M. Genzale Plating, Inc., Michael Genzale and Pasquale "Pat" Genzale are each liable, pursuant to 42 U.S.C. § 9604(e)(5)(B), for a civil penalty of $2,000 per day for their unreasonable failure to comply with the Order for a period of 20 days, from August 25, 1989 through September 13, 1989, and the court assesses a total civil penalty to be paid by defendants of $40,000, and the United States shall have execution therefore; and it is further

ORDERED that defendants are permanently enjoined and prohibited from interfering in any way with EPA and its designated representatives, contractors and subcontractors, as well as their equipment, during the course of the response action at the defendants' property, which includes the Genzale facility, located at 288 New Hyde Park Road, Franklin Square, New York, as set forth in the Record of Decision, dated March 29, 1991, including, but not limited to, pre-construction, construction and implementation of remedial actions for the identified soil and groundwater contamination, as well as any maintenance of equipment and any further sampling associated with the remedial action; and it is further

ORDERED that any EPA employee or designated representative of EPA, its contractors and subcontractors may enter on and into, move about and remain on or about the defendants' property, which includes the Genzale facility, located at 288 New Hyde Park Road, Franklin Square, New York, for the purposes of the CERCLA response action at the Genzale facility, as set forth in the Record of Decision, dated March 1992, including, but not limited to, pre-construction, construction and implementation of remedial actions for the identified soil and groundwater contamination, as well as any maintenance of equipment and any further sampling associated with the remedial action; and it is further

ORDERED that in the event of any conveyance of the M. Genzale Plating, Inc. property by Michael Genzale, his estate, agents, heirs or assigns, M. Genzale Plating, Michael Genzale, and/or his estate, agents, heirs or assigns shall convey the interest so as to insure continued access by EPA and its designated representatives for the purpose of carrying out the remedial

activities. Any such conveyance shall restrict the use of such property so that the use will not interfere with remedial activities. M. Genzale Plating, Michael Genzale, his estate, agents, heirs or assigns shall notify EPA, Office of Regional Counsel, 26 Federal Plaza, Room 437, New York, New York 10278, in writing and by certified mail at least thirty (30) days before any conveyance of an interest in the property, and shall notify the other parties involved in the conveyance, prior to any transfer, of the provisions of this Order.

SO ORDERED.